J-S45012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAURICE JONES | : | |
| | : | |
| Appellant | : | No. 2457 EDA 2019 |

Appeal from the PCRA Order Entered July 23, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013397-2012

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 05, 2021**

Maurice Jones appeals from the dismissal of his Post Conviction Relief Act ("PCRA") petition.  After careful review, we affirm.

On February 25, 2012, Charles Trice ("the victim") was shot and killed inside of a courtyard in the Montgomery Townhomes in North Philadelphia.  In total, the victim was shot seven times in the chest, back, and arms.  Multiple eyewitnesses were interviewed by homicide detectives, including Malik Bell, who told detectives that he watched Appellant shoot and kill the victim.  Appellant was arrested and charged with homicide and related charges.  At the preliminary hearing stage, the case was discharged five times for lack of

prosecution after Malik Bell and other prosecution witnesses refused to cooperate with the Commonwealth.[1]

On August 21, 2015, the Commonwealth filed a motion for a material witness warrant for Malik Bell. In the motion, the Commonwealth recounted that the case had been discharged several times for lack of prosecution because Bell had "disavowed his statement," in which he stated that he saw Appellant shoot the victim. **See** Commonwealth's Application for Material Witness Warrant, 8/21/15, ¶ 4. The Commonwealth requested the warrant because Bell had again recanted his statement and additionally indicated that "he was going to have to be locked up because he was going to elude police." **Id**. The trial court granted the motion.

Twelve days later, Appellant entered into a negotiated guilty plea, whereby he pled guilty to third-degree murder and possessing an instrument of crime in exchange for a sentence of twenty to forty years of imprisonment.

---

[1] Jalil White initially told investigators that he was at the scene of the crime and saw Appellant shoot the victim. However, he later refused to cooperate, declining service of a Commonwealth subpoena. While this case was pending he was shot and killed about a mile from where this homicide took place. **See** N.T. Motions Hearing, 8/12/15, at 4-5 (defense requesting the homicide file for the ongoing Jalil White investigation). Chiaquetta Pope was also interviewed by detectives. She told detectives that she observed the victim, Malik Bell, and Appellant together. After witnessing Appellant pull out a gun, point it at the victim, and begin shooting, she shut her front door and called 911. She also later refused to cooperate with detectives. However, a bench warrant for Ms. Pope was withdrawn after she appeared for one of the preliminary hearing listings. **See** Order, 11/5/12 (issuing bench warrant for Chiaquetta Pope).

After conducting an oral colloquy the trial court accepted Appellant's plea and imposed the agreed-upon sentence. Despite receiving the negotiated sentence, Appellant filed a motion for reconsideration. The motion was denied. However, Appellant did not file a motion to withdraw his guilty plea or a direct appeal.

Almost a year later, Appellant filed a timely *pro se* PCRA petition, in which he alleged after-discovered evidence that Malik Bell wished to recant his statement and that the Commonwealth had committed a **Brady**[2] violation when it withheld video surveillance of the shooting that would have exonerated him. Appointed counsel filed an amended petition reiterating the claims Appellant raised in his *pro se* petition. The Commonwealth responded with a motion to dismiss, pointing out that Appellant should have been aware of Malik Bell's recantation pre-plea and asserting that no surveillance footage of the incident existed. After the original trial judge retired, this case was reassigned. On July 23, 2019, the PCRA court issued notice of its intent to dismiss the petition due to a lack of merit. Appellant did not file a response. On July 23, 2019, the petition was dismissed without a hearing. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

---

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

Appellant raises the following issue: "Did the PCRA Court err in dismissing the [PCRA] petition, without a hearing, even though Appellant pled, and would have been able to prove, that he was entitled to relief, in the form of a new trial?" Appellant's brief at 3.

We begin with a discussion of the pertinent legal principles. Our "review is limited to the findings of the PCRA court and the evidence of record," and we do not "disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa.Super. 2012). Similarly, "[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions." **Id**. "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." Finally, we "may affirm a PCRA court's decision on any grounds if the record supports it." **Id**.

Appellant challenges the PCRA court's review of the record when it dismissed his petition based upon witness recantation evidence on the grounds that Appellant failed to meet all of the prongs of a substantive after-discovered evidence claim.[3] In order to obtain relief on such a claim, a petitioner must demonstrate that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable

---

[3] Appellant does not contest the PCRA court's dismissal of his **Brady** claim.

diligence; (2) the evidence is not cumulative; (3) it is not being used to solely impeach credibility; and (4) it would likely compel a different verdict. ***Commonwealth v. Johnson***, 966 A.2d 523, 541 (Pa. 2009).

In the PCRA court, Appellant submitted an affidavit of Malik Bell wherein he claimed that he was not present at the time of the shooting and was forced by homicide detectives to sign a statement implicating Appellant. Since Appellant allegedly did not know about Bell's recantation at the time that he entered his guilty plea, he contended that his plea was involuntary. The PCRA court disagreed and explained its reasoning for denying Appellant's after-discovered evidence claim, as follows:

> [Appellant's] claim lacks merit because his assertion that he was unaware of Bell's recantation at [the] time he signed his plea agreement is belied by the record. On August 19, 2015, twelve days before [Appellant] entered his plea, the trial court granted the Commonwealth's "Application for Detention/Bail of Material Witness" Malik Bell. In its application, the Commonwealth stated that the case had been discharged five times for lack of prosecution because Mr. Bell had "disavowed his statement and told the Commonwealth that he was going to have to be locked up because he was going to elude police." To obtain relief based upon [after]-discovered evidence under the PCRA, [Appellant] must establish, amongst other things, that the alleged [after]-discovered evidence could not have been obtained at or prior to his conviction through reasonable diligence. Certainly it is reasonable to expect a defendant to carefully [review] documents filed in his pending criminal matter, concerning a material witness, with his current lawyer. If [Appellant] had exercised due diligence by reviewing the Commonwealth's application to detain Mr. Bell, he would have learned that Mr. Bell had disavowed his statement implicating [Appellant] in the crime prior to [Appellant] entering [in]to his plea agreement. Because [Appellant] failed to demonstrate that he could not have learned the information earlier by the exercise of due diligence, he is not entitled to PCRA

relief based on his claim that he subsequently learned of Mr. Bell's recantation.

PCRA Opinion, 12/19/19, at 3-4 (citation omitted).

We agree with the PCRA court that Appellant's after-discovered evidence claim lacks merit. It is well-established that a defendant who fails to question or investigate an obvious, available source of information, cannot later claim evidence from that source constitutes after-discovered evidence. **See Commonwealth v. Chambers**, 599 A.2d 630, 642 (Pa. 1991). Appellant's assertion that Malik Bell recanted his statement was easily discoverable prior to the guilty plea hearing. It defies reason that a defendant facing a homicide charge would not review a Commonwealth filing regarding an uncooperative material witness in his own case before entering into a guilty plea or that he would be unaware of a recanting witness after his case was discharged five times at the preliminary hearing stage due to a lack of prosecution. **See** Commonwealth's Application for Material Witness Warrant, 8/19/15. Since Appellant has offered no plausible explanation for his failure to review the documents pertinent to his case pre-plea, we conclude that the PCRA court did not err when it denied Appellant's petition.[4]

_____

[4] In his appellate brief, Appellant mixes an assertion of after-discovered evidence surrounding an investigation into a former Philadelphia police detective's "questionable conduct" into his properly preserved Malik Bell recantation claim. Appellant's brief at 8. However, Appellant does not specify what this alleged "questionable conduct" entails. Accordingly, this claim is too undeveloped for any meaningful discussion and we are unable to consider it here.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *2/5/2021*